

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

September 5, 1944

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6170
Re: Whether a mutual assessment
health and accident company
operating under Chap. 6, Title
78, Vernon's Annotated Civil
Statutes, can amend its by-
laws to permit proxy voting at
all members' meetings.

Your letter of August 21, 1944, requesting the opinion
of this department on the question stated therein, is as follows:

"Enclosed you will please see copy of an order
of the Board of Insurance Commissioners dated July
11, 1939, passed under authority of Section 25 of
Article 5068-1. You will observe that under Sec-
tions 1 and 2 of the above Article is construed by
the Board to apply to mutual assessment health and
accident companies operated under Chapter 6, Title
78, now repealed.

"Section 18 states: 'Proxy voting will be per-
mitted if an association's by-laws provide for it.'
Please advise me whether a mutual assessment health
and accident company operating under Chapter 6 may
amend its by-laws to permit proxy voting at all
members' meetings, Article 4789 of Chapter 6 to the
contrary notwithstanding."

Chapter 6, Title 78, Vernon's Annotated Civil Statutes,
was repealed in 1929 by the 41st Legislature, First Called Ses-
sion, page 90, Chapter 40, Section 18, as amended by Acts 1929,
41st Legislature, Second Called Session, page 99, Chapter 60,
Section 1.

Article 4860a-18, Vernon's Annotated Civil Statutes,
provides:

"Chapters 5, 6, 9, 12, 13, 14, and 15, of
Title 15, of the Revised Civil Statutes of 1925,

and all other laws or parts of laws in conflict
with the provisions of this Act, are hereby re-
pealed; provided, that such repeal and the pro-
visions of this Act will not apply to or affect
any company or association of this State now do-
ing business under the laws repealed, and they
shall continue to be governed by the regulatory
provisions of such laws.  Any company organized
and transacting business under any of the laws
repealed by this Act, or any general law of
this State, other than Article 8308, or any other
article under Title 130, Revised Civil Statutes,
of Texas, 1925, may, however, by resolution of
its Board of Directors, duly approved by the
majority of the members, at a meeting specifically
called for that purpose, and duly certified to by
the president and secretary, and filed with the
Board of Insurance Commissioners, elect to adopt
and become subject to the provisions of this Act,
in lieu of any act or acts theretofore governing
such company or association.

"Any company or association so electing and
fully complying with this Act, may thereafter
effect such kinds of insurance as is authorized
by this Act, and specified in its articles of
association then in force, or as then or there-
after amended, together with such additional
kinds of insurance as are specified in such reso-
lution and authorized by this Act."

Section 1 of Art. 5068-1, V.A.C.S., provides:

"This Act shall apply to and embrace all insur-
ance companies and associations, whether incorporated
or not, which issue policies or certificates of in-
surance on the lives of persons, or provide health
and accident benefit, upon the so-called mutual and
assessment plan, or whose funds are derived from the
assessments upon its policy-holders or members, and
shall, in fact, apply to all life, health, accident
companies or associations which do not come within
the provisions of Chapter 3, Chapter 5, Chapter 7,
Chapter 8, Chapter 9, Chapter 18, Chapter 19, or
Chapter 20, Title 58, of the Revised Civil Statutes
of Texas.  This Act shall include local mutual aid
associations; statewide life, or life, health and
accident associations; mutual assessment life, health
and accident associations, burial associations; and
similar concerns, for whatsoever name or class

designated, whether specifically named herein or
not.

"This Act does not enlarge the powers or rights
of any of such associations nor enlarge the scope of
their legal or corporate existence; or authorize the
creation of any association or corporation to do any
of the sorts of businesses above indicated, for such
creation is not now specifically permitted by law.
The laws prohibiting or limiting such creation and
exercise of corporate powers are not affected by
this Act."

Article 4789, Chapter 6, Title 78, Vernon's Annotated
Civil Statutes, provides:

"Such corporations shall issue no certificate
of stock, shall declare no dividends, shall pay no
profits, and the salaries of all officers shall be
designated in its by-laws.  Such by-laws shall pro-
vide for annual members' meetings, in which each
member shall be entitled to vote, only in person, the
amount of insurance held."

It will be noted that under Article 4860a-18, that com-
panies or associations operating under Chapter 6, Title 78, Ver-
non's Annotated Civil Statutes, the repeal of said Chapter 6 does
not affect any company or association that was doing business
under said law when it was repealed, and that such companies or
associations shall continue to be governed by the regulatory pro-
visions of such laws.  Article 4718, V.A.C.S., among other things,
provides in effect that each stockholder shall be entitled to
one vote for each share of stock fully paid up appearing in his
name on the books of the company, which vote may be given in per-
son or by written proxy.  Article 4803, V.A.C.S., among other
things, provides in effect that any policy holder may execute his
proxy authorizing and entitling the holder to exercise his voting
powers unless such proxy shall be revoked previous to such annual
meeting.  Articles 4718 and 4803 are not applicable to companies
operating under Chapter 6, Title 78, V.A.C.S.  However, Article
4789 authorizes members to vote only in person.  It will be noted
that Article 5068-1, V.A.C.S., expressly provides that the Act
(Senate Bill 135, Acts Regular Session, 46th Legislature, 1939),
does not enlarge the powers or rights of any such association
or enlarge the scope of their legal or corporate existence nor
authorize the creation of any association, or corporation to do
any of the sorts of businessess above indicated, where such crea-
tion is not now specifically created by law.  It is further pro-
vided that the laws prohibiting or limiting such creation and the
exercise of corporate powers are not affected by the Act.

Section 25 of Article 5068-1, Vernon's Annotated Civil Statutes, authorizes the Board of Insurance Commissioners to promulgate reasonable rules and regulations to carry out the purposes of the Act.  (Senate Bill 135, Supra.)

Section 18, of said Article 5068-1, V.A.C.S., provides:

"The by-laws of any association may be amended by a majority of the members of the association present when ratified by the Board of Directors, but only at meetings called for that purpose or at regular meetings.  Amendments to the by-laws shall not be effective until approved by the Board of Insurance Commissioners.  Notices of all meetings, whether regular or special, at which amendments to by-laws will be considered, must be mailed to all members.  Such notices must contain full copies of the proposed changes in the by-laws and fair explanations of the intent and effect thereof."

Section 18, supra, is a general provision authorizing associations and companies governed by Article 5068-1, V.A.C.S., to amend their by-laws in compliance with said section.  However, neither this section, nor any other section thereof, authorizes companies or associations operating under Chapter 6, Title 78, V.A.C.S., to amend their by-laws providing that members of such companies or associations can vote by proxy.  As above stated, Art. 4789, Chapter 6, Title 78, V.A.C.S., which is applicable to companies operating under Chapter 6, expressly authorizes members to vote only in person.

Section 18, of an order of the Board of Insurance Commissioners, dated July 11, 1939, provides, in part:

". . . . Proxy voting will be permitted if the associations' by-laws provide for it.  If some officer of the association holds proxies of the members, the notice of any meeting where the proxies may be voted must clearly remind the policy holder of the proxy and advise him that it will be voted unless rescinded by the member."

Generally speaking, the Board of Insurance Commissioners may exercise only such authority as is conferred upon it by law in clear and unmistakable terms and the same will not be construed as being conferred by implication.  (Humble Oil and Refining Company vs. Railroad Commission of Texas, 128 S.W. 2d, 9; Commercial Standard Insurance Company vs. Board of Insurance Commissioners of Texas, 34 S.W. 2d, 343; Board of Insurance Commis-

sioners of Texas vs. Guardian Life Insurance Company of Texas, et al, 180 S.W. 2d, 906).

We fail to find any law authorizing the Board of Insurance Commissioners to pass an order permitting members of companies or associations operating under Chapter 6, Title 78, V.A.C.S., to vote by proxy. There is no statute that we can find applicable to associations or companies operating under Chapter 6 authorizing the members thereof to vote by proxy. However, as heretofore mentioned, Art. 4789, which is applicable to such associations or companies, expressly authorizes the members of said associations or companies to vote only in person. Therefore, it is our opinion that mutual assessment, health and accident companies or associations operating under Chapter 6, Title 78, Vernon's Annotated Civil Statutes, cannot legally amend their by-laws to permit proxy voting by the members of such companies or associations.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: s/Ardell Williams
Ardell Williams
Assistant

AW:rt:wc

APPROVED SEP 8, 1944
s/Geo. P. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman